## Newlin, Appellant, *v.* Harris.

*Equity—Parties—Judge's salary act—Act of April* 14, 1903, *P. L.* 175.
Where the court of common pleas has upheld the constitutionality of the judge's salary act of April 14, 1903, and has awarded a peremptory writ of mandamus against the state treasurer, a private citizen has no standing to file a bill in equity to restrain the writ from being enforced and the salaries paid.

Argued May 24, 1904. Appeal, No. 4, May T., 1904, by plaintiff, from decree of C. P. Dauphin Co., No. 329, Equity Docket, dismissing bill in equity. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

WEISS, P. J., filed the following opinion:

James W. M. Newlin, a citizen of the state, filed his bill April 16, 1904, in this court, in which he complains that Judges BELL and VON MOSCHZISKER had no right to sit in the court of common pleas of Dauphin county to hear, and render judgment in, the mandamus proceedings instituted by the attorney-

general of the commonwealth against Frank G. Harris, then state treasurer, which sought that judgment be given for the commonwealth and prayed that the then state treasurer be commanded to make payment of all warrants drawn upon him by the auditor-general in behalf of all the judges of the several courts of the commonwealth, in accordance with the act of assembly of April 14, 1903, P. L. 175, and charges that the judges of the court of common pleas of this county had " no warrant of law for calling in other judges to sit in this cause and the proceeding before them was coram non judice."

He further complains that the said Frank G. Harris had refused to pay the increased salary to the judges elected prior to April 14, 1903, that he as a citizen had a right to prevent the said state treasurer "from paying out of the state treasury any money in violation of the constitution of the state" and that Judges BELL and VON MOSCHZISKER did on April 5, 1904, award a writ of mandamus, "commanding him to pay the increased salaries fixed by the act of April 14, 1903, to judges who had been elected prior to its passage, and the said defendant, Frank G. Harris, declines to appeal to the Supreme Court, and proposes to obey the said writ of mandamus."

The relief prayed is that the defendant Harris be restrained from paying any moneys to judges elected prior to April 14, 1903, in excess of the salaries theretofore fixed by law.

That the attorney-general be restrained from attempting to enforce the peremptory mandamus issued by Judges BELL and VON MOSCHZISKER sitting in the court of common pleas of this county requiring the defendant Frank G. Harris, state treasurer, to "pay to the judges elected prior to April 14, 1903, the increased salary named in the statute of that date," and that the defendants Judges BELL and VON MOSCHZISKER be enjoined from enforcing the mandamus granted by them against the then state treasurer.

On May 5, 1904, the plaintiff suggested that the term of office of the defendant Frank G. Harris had expired and that W. L. Mathues had succeeded him as state treasurer and moved the leave of the court that the latter be added to the bill as a party defendant.

The attorney-general and also counsel for defendant Judges BELL and VON MOSCHZISKER moved to dismiss the plaintiff's

bill and based the motion upon the want of jurisdiction of the court to entertain it.

The complainant in his relation as a citizen seeks to restrain the attorney-general from having execution of a judgment which the commonwealth obtained in one of her own courts against the state treasurer, and furthermore asks the court which rendered the judgment to restrain itself from awarding a writ of execution.

The ground upon which this restraining order is invoked is that the judges who rendered the judgment had no warrant or authority to sit and hear the cause and their determination of it was a nugatory act. They are judges of the court of common pleas of Blair and Philadelphia counties respectively and presided at the request of the two judges of the court of common pleas of the county of Dauphin for what was deemed good and sufficient cause. The complainant was neither relator nor respondent in the cause, and sustains no relationship to it, and has no interest in it, other than that begotten of citizenship of the state.

A stranger to an action at law invokes the strong arm of a court of equity to enjoin the plaintiff in that action from reaping the fruit of its judgment; to enjoin the defendant from observing and discharging what he is thereby commanded, and the court itself from affording a remedy upon the judgment which it solemnly rendered.

This proposition carries with it its own refutation. The judges who sat in the mandamus proceedings were sitting as judges of the court of common pleas of Dauphin county, so far at least as concerns the complainant; sitting as a court they pronounced the sentence of the law ; and we are asked to say by a decree that the act was contrary to law.

The function of an injunction is to compel inaction, that of a mandamus to compel action. If the defendant in the mandamus failed to obey the peremptory writ, he would be in contempt, and if we were to restrain him, he would be subject to contradictory orders, one by a court of common pleas and another by a court of equity. A court ought not to put a defendant in conflict with the order of another court.

In view of the foregoing we do not deem it necessary to pass upon the motion of the complainant to add the name of the

present state treasurer as a party defendant. Besides the bill disclosed nothing upon which a decree could be made against him.

The complainant does not disclose any equity, interest or injury and has no status to intervene in the action by the commonwealth.

The motion to dismiss the bill is allowed, and the bill is dismissed.

*James W. M. Newlin,* for appellant.

*Hampton L. Carson,* attorney general, and *John G. Johnson,* for appellee.

PER CURIAM, June 15, 1904:

The only question involved in this appeal is whether a stranger not a party to a suit, and having no interest in it beyond that of any other citizen, can interpose to take it out of the hands of the responsible parties to the record and conduct further proceedings according to his own views. No authority has been shown for any such extraordinary and irregular action.

Judgment affirmed.